1   MARK FOWLER (Bar No. 124235)                    ** E-filed April 5, 2011 **
    mark.fowler@dlapiper.com
2   BRENT YAMASHITA (Bar No. 206890)
    brent.yamashita@dlapiper.com
3   CHRISTINE CORBETT (Bar No. 209128)
    christine.corbett@dlapiper.com
4   CARRIE WILLIAMSON (Bar No. 230873)
    carrie.williamson@dlapiper.com
5   CHANG KIM (Bar No. 273393)
    changu.kim@dlapiper.com
6

7   DLA PIPER LLP (US)
    2000 University Avenue
8   East Palo Alto, CA  94303-2215
    Tel: 650.833.2000
9   Fax: 650.833.2001

10  Attorneys for Plaintiff,
    Aerielle Technologies, Inc.
11
                    UNITED STATES DISTRICT COURT
12
                   NORTHERN DISTRICT OF CALIFORNIA
13
14                      SAN JOSE DIVISION

15
    AERIELLE TECHNOLOGIES, INC.,         CASE NO. C 10-01301 LHK (HRL)
16
                Plaintiff and Counterclaim   ~~[PROPOSED]~~ STIPULATED
17              Defendant,                    PROTECTIVE ORDER
18         v.                                 (MODIFIED BY THE COURT)

19  BELKIN INTERNATIONAL, INC., BEST
    BUY CO., INC., BESTBUY.COM, LLC,
20  BEST BUY STORES, L.P. and RADIO
    SHACK CORPORATION,
21
                Defendants and
22              Counterclaimants.

23

24

25

26

27

28

1.   <u>PURPOSES AND LIMITATIONS</u>

Disclosure and discovery activity in this action are likely to involve production of confidential, proprietary, or private information for which special protection from public disclosure and from use for any purpose other than prosecuting this litigation may be warranted. Accordingly, the parties hereby stipulate to and petition the court to enter the following Stipulated Protective Order. The parties acknowledge that this Order does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords from public disclosure and use extends only to the limited information or items that are entitled to confidential treatment under applicable legal principles. The parties further acknowledge, as set forth in Section 14.4, below, that this Stipulated Protective Order does not entitle them to file confidential information under seal; Civil Local Rule 79-5 sets forth the procedures that must be followed and the standards that will be applied when a party seeks permission from the court to file material under seal.

2.   <u>DEFINITIONS</u>

2.1   <u>Challenging Party</u>: a Party or Non-Party that challenges the designation of information or items under this Order.

2.2   <u>"CONFIDENTIAL" Information or Items</u>: information (regardless of how it is generated, stored or maintained) or tangible things that qualify for protection under Federal Rule of Civil Procedure 26(c).

2.3   <u>Counsel (without qualifier)</u>: Outside Counsel of Record and House Counsel (as well as their support staff).

2.4   <u>Designated House Counsel</u>: House Counsel who seek access to "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" information in this matter

2.5   <u>Designating Party</u>: a Party or Non-Party that designates information or items that it produces in disclosures or in responses to discovery as "CONFIDENTIAL,"

-2-

1   "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" or "HIGHLY CONFIDENTIAL –

2   SOURCE CODE."

3         2.6   Disclosure or Discovery Material: all items or information, regardless of

4   the medium or manner in which it is generated, stored, or maintained (including, among other

5   things, testimony, transcripts, and tangible things), that are produced or generated in disclosures

6   or responses to discovery in this matter.

7         2.7   Expert: a person with specialized knowledge or experience in a matter

8   pertinent to the litigation who (1) has been retained by a Party or its counsel to serve as an expert

9   witness or as a consultant in this action, (2) is not a past or current employee of a Party or of a

10   Party's competitor, and (3) at the time of retention, is not anticipated to become an employee of a

11   Party or of a Party's competitor.

12         2.8   "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY"

13   Information or Items: extremely sensitive "Confidential Information or Items," disclosure of

14   which to another Party or Non-Party would create a substantial risk of serious harm that could not

15   be avoided by less restrictive means.

16         2.9   "HIGHLY CONFIDENTIAL – SOURCE CODE" Information or Items:

17   extremely sensitive "Confidential Information or Items" representing computer code and

18   associated comments and revision histories, formulas, engineering specifications, or schematics

19   that define or otherwise describe in detail the algorithms or structure of software or hardware

20   designs, disclosure of which to another Party or Non-Party would create a substantial risk of

21   serious harm that could not be avoided by less restrictive means.

22         2.10   House Counsel: attorneys who are employees of a party to this action.

23   House Counsel does not include Outside Counsel of Record or any other outside counsel except,

24   with respect to Aerielle, House Counsel may include one attorney that is engaged by Aerielle to

25   provide general corporate counseling.

26         2.11   Non-Party: any natural person, partnership, corporation, association, or

27   other legal entity not named as a Party to this action.

28

DLA Piper LLP (US)    WEST\222617649.1                                 —[PROPOSED] STIPULATED PROTECTIVE ORDER
                                                     USDC CASE NO. C 10-01301 LHK (HRL)

2.12   <u>Outside Counsel of Record</u>: attorneys who are not employees of a party to this action but are retained to represent or advise a party to this action and have appeared in this action on behalf of that party or are affiliated with a law firm which has appeared on behalf of that party.

2.13   <u>Party</u>: any party to this action, including all of its officers, directors, employees, consultants, retained experts, and Outside Counsel of Record (and their support staffs).

2.14   <u>Producing Party</u>: a Party or Non-Party that produces Disclosure or Discovery Material in this action.

2.15   <u>Professional Vendors</u>: persons or entities that provide litigation support services (e.g., photocopying, videotaping, translating, preparing exhibits or demonstrations, and organizing, storing, or retrieving data in any form or medium) and their employees and subcontractors.

2.16   <u>Protected Material</u>: any Disclosure or Discovery Material that is designated as "CONFIDENTIAL," "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" or as "HIGHLY CONFIDENTIAL – SOURCE CODE."

2.17   <u>Receiving Party</u>: a Party that receives Disclosure or Discovery Material from a Producing Party.

3.   <u>SCOPE</u>

The protections conferred by this Stipulation and Order cover not only Protected Material (as defined above), but also (1) any information copied, derived, or extracted from Protected Material; (2) all copies, excerpts, summaries, or compilations of Protected Material; and (3) any testimony, conversations, or presentations by parties or their Counsel that might reveal Protected Material. However, the protections conferred by this Stipulation and Order do not cover the following information: (a) any information that is in the public domain at the time of disclosure to a Receiving Party or becomes part of the public domain after its disclosure to a Receiving Party as a result of publication not involving a violation of this Order, including becoming part of the

-4-

public record through trial or otherwise; and (b) any information known to the Receiving Party prior to the disclosure or obtained by the Receiving Party after the disclosure from a source who obtained the information lawfully and under no obligation of confidentiality to the Designating Party. Any use of Protected Material at trial shall be governed by a separate agreement or order.

### 4.   DURATION

Even after final disposition of this litigation, the confidentiality obligations imposed by this Order shall remain in effect until a Designating Party agrees otherwise in writing or a court order otherwise directs. Final disposition shall be deemed to be the later of (1) dismissal of all claims and defenses in this action, with or without prejudice; and (2) final judgment herein after the completion and exhaustion of all appeals, rehearings, remands, trials, or reviews of this action, including the time limits for filing any motions or applications for extension of time pursuant to applicable law.

*This Court will retain jurisdiction to enforce the terms of this protective order for a period of six months after the final disposition (as defined herein) of this action.*

### 5.   DESIGNATING PROTECTED MATERIAL

5.1   <u>Exercise of Restraint and Care in Designating Material for Protection</u>. Each Party or Non-Party that designates information or items for protection under this Order must take care to limit any such designation to specific material that qualifies under the appropriate standards. To the extent it is practical to do so, *and only after making a good faith determination,* the Designating Party must designate for protection only those parts of material, documents, items, or oral or written communications that qualify – so that other portions of the material, documents, items, or communications for which protection is not warranted are not swept unjustifiably within the ambit of this Order.

Mass, indiscriminate, or routinized designations are prohibited. Designations that are shown to be clearly unjustified or that have been made for an improper purpose (e.g., to unnecessarily encumber or retard the case development process or to impose unnecessary expenses and burdens on other parties) expose the Designating Party to sanctions.

If it comes to a Designating Party's attention that information or items that it designated for protection do not qualify for protection at all or do not qualify for the level of

[PROPOSED] STIPULATED PROTECTIVE ORDER
USDC CASE NO. C 10-01301 LHK (HRL)

1   protection initially asserted, that Designating Party must promptly notify all other parties that it is

2   withdrawing the mistaken designation.

3          5.2     Manner and Timing of Designations. Except as otherwise provided in this

4   Order (see, e.g., second paragraph of section 5.2(a) below), or as otherwise stipulated or ordered,

5   Disclosure or Discovery Material that qualifies for protection under this Order must be clearly so

6   designated before the material is disclosed or produced.

7          Designation in conformity with this Order requires:

8          (a) for information in documentary form (e.g., paper or electronic documents, but

9   excluding transcripts of depositions or other pretrial or trial proceedings), that the Producing

10  Party affix the legend "CONFIDENTIAL," "HIGHLY CONFIDENTIAL – ATTORNEYS'

11  EYES ONLY" or "HIGHLY CONFIDENTIAL – SOURCE CODE" to each page that contains

12  protected material.  If only a portion or portions of the material on a page qualifies for protection,

13  the Producing Party also must clearly identify the protected portion(s) (e.g., by making

14  appropriate markings in the margins) and must specify, for each portion, the level of protection

15  being asserted.

16         A Party or Non-Party that makes original documents or materials available for

17  inspection need not designate them for protection until after the inspecting Party has indicated

18  which material it would like copied and produced.  During the inspection and before the

19  designation, all of the material made available for inspection shall be deemed "HIGHLY

20  CONFIDENTIAL – ATTORNEYS' EYES ONLY."  After the inspecting Party has identified the

21  documents it wants copied and produced, the Producing Party must determine which documents,

22  or portions thereof, qualify for protection under this Order.  Then, before producing the specified

23  documents, the Producing Party must affix the appropriate legend ("CONFIDENTIAL,"

24  "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" or "HIGHLY CONFIDENTIAL –

25  SOURCE CODE") to each page that contains Protected Material. If only a portion or portions of

26  the material on a page qualifies for protection, the Producing Party also must clearly identify the

27

28

1   protected portion(s) (e.g., by making appropriate markings in the margins) and must specify, for

2   each portion, the level of protection being asserted.

3           (b)     for testimony given in deposition or in other pretrial or trial proceedings,

4   that the Designating Party identify on the record, before the close of the deposition, hearing, or

5   other proceeding, all protected testimony and specify the level of protection being asserted. When

6   it is impractical to identify separately each portion of testimony that is entitled to protection and it

7   appears that substantial portions of the testimony may qualify for protection, the Designating

8   Party may invoke on the record (before the deposition, hearing, or other proceeding is concluded)

9   a right to have up to 21 days to identify the specific portions of the testimony as to which

10  protection is sought and to specify the level of protection being asserted. Only those portions of

11  the testimony that are appropriately designated for protection within the 21 days shall be covered

12  by the provisions of this Stipulated Protective Order. Alternatively, a Designating Party may

13  specify, at the deposition or up to 21 days afterwards if that period is properly invoked, that the

14  entire transcript shall be treated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL –

15  ATTORNEYS' EYES ONLY."

16          Parties shall give the other parties notice if they reasonably expect a deposition,

17  hearing or other proceeding to include Protected Material so that the other parties can ensure that

18  only authorized individuals who have signed the "Acknowledgment and Agreement to Be

19  Bound" (Exhibit A) are present at those proceedings. The use of a document as an exhibit at a

20  deposition shall not in any way affect its designation as "CONFIDENTIAL" or "HIGHLY

21  CONFIDENTIAL – ATTORNEYS' EYES ONLY."

22          Transcripts containing Protected Material shall have an obvious legend on the title

23  page that the transcript contains Protected Material, and the title page shall be followed by a list

24  of all pages (including line numbers as appropriate) that have been designated as Protected

25  Material and the level of protection being asserted by the Designating Party. The Designating

26  Party shall inform the court reporter of these requirements. Any transcript that is prepared before

27  the expiration of a 21-day period for designation shall be treated during that period as if it had

28

-7-

1    been designated "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" in its entirety

2    unless otherwise agreed. After the expiration of that period, the transcript shall be treated only as

3    actually designated.

4              (c)    for information produced in some form other than documentary and for any

5    other tangible items, that the Producing Party affix in a prominent place on the exterior of the

6    container or containers in which the information or item is stored the legend "CONFIDENTIAL,"

7    "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" or "HIGHLY CONFIDENTIAL –

8    SOURCE CODE." If only a portion or portions of the information or item warrant protection, the

9    Producing Party, to the extent practicable, shall identify the protected portion(s) and specify the

10   level of protection being asserted.

11             5.3    Inadvertent Failures to Designate. If timely corrected, an inadvertent failure

12   to designate qualified information or items does not, standing alone, waive the Designating

13   Party's right to secure protection under this Order for such material. Upon timely correction of a

14   designation, the Receiving Party must make reasonable efforts to assure that the material is

15   treated in accordance with the provisions of this Order.

16        6.    CHALLENGING CONFIDENTIALITY DESIGNATIONS

17             6.1    Timing of Challenges. Any Party or Non-Party may challenge a

18   designation of confidentiality at any time. Unless a prompt challenge to a Designating Party's

19   confidentiality designation is necessary to avoid foreseeable, substantial unfairness, unnecessary

20   economic burdens, or a significant disruption or delay of the litigation, a Party does not waive its

21   right to challenge a confidentiality designation by electing not to mount a challenge promptly

22   after the original designation is disclosed.

23             6.2    Meet and Confer. The Challenging Party shall initiate the dispute

24   resolution process by providing written notice of each designation it is challenging and describing

25   the basis for each challenge. To avoid ambiguity as to whether a challenge has been made, the

26   written notice must recite that the challenge to confidentiality is being made in accordance with

27   this specific paragraph of the Protective Order. The parties shall attempt to resolve each

28

-8-

challenge in good faith and must begin the process by conferring directly (in voice to voice dialogue; other forms of communication are not sufficient) within 14 days of the date of service of notice.  In conferring, the Challenging Party must explain the basis for its belief that the confidentiality designation was not proper and must give the Designating Party an opportunity to review the designated material, to reconsider the circumstances, and, if no change in designation is offered, to explain the basis for the chosen designation. A Challenging Party may proceed to the next stage of the challenge process only if it has engaged in this meet and confer process first or establishes that the Designating Party is unwilling to participate in the meet and confer process in a timely manner.

6.3    Judicial Intervention.  If the parties cannot resolve a challenge without court intervention, the Designating Party shall file and serve a motion to retain confidentiality under Civil Local Rule 7 (and in compliance with Civil Local Rule 79-5, if applicable) within 21 days of the initial notice of challenge or within 14 days of the parties agreeing that the meet and confer process will not resolve their dispute, whichever is earlier. Each such motion must be accompanied by a competent declaration affirming that the movant has complied with the meet and confer requirements imposed in the preceding paragraph.  Failure by the Designating Party to make such a motion including the required declaration within 21 days (or 14 days, if applicable) shall automatically waive the confidentiality designation for each challenged designation. In addition, the Challenging Party may file a motion challenging a confidentiality designation at any time if there is good cause for doing so, including a challenge to the designation of a deposition transcript or any portions thereof. Any motion brought pursuant to this provision must be accompanied by a competent declaration affirming that the movant has complied with the meet and confer requirements imposed by the preceding paragraph.

The burden of persuasion in any such challenge proceeding shall be on the Designating Party.  Frivolous challenges and those made for an improper purpose (e.g., to harass or impose unnecessary expenses and burdens on other parties) may expose the Challenging Party to sanctions.  Unless the Designating Party has waived the confidentiality designation by failing

-9-

~~[PROPOSED]~~ STIPULATED PROTECTIVE ORDER
USDC CASE NO. C 10-01301 LHK (HRL)

1   to file a motion to retain confidentiality as described above, all parties shall continue to afford the

2   material in question the level of protection to which it is entitled under the Producing Party's

3   designation until the court rules on the challenge.

4       7.      ACCESS TO AND USE OF PROTECTED MATERIAL

5           7.1    Basic Principles.  A Receiving Party may use Protected Material that is

6   disclosed or produced by another Party or by a Non-Party in connection with this case only for

7   prosecuting, defending, or attempting to settle this litigation.  Such Protected Material may be

8   disclosed only to the categories of persons and under the conditions described in this Order.

9   When the litigation has been terminated, a Receiving Party must comply with the provisions of

10  section 15 below (FINAL DISPOSITION).

11          Protected Material must be stored and maintained by a Receiving Party at a

12  location and in a secure manner that ensures that access is limited to the persons authorized under

13  this Order.

14          7.2    Disclosure of "CONFIDENTIAL" Information or Items.  Unless otherwise

15  ordered by the court or permitted in writing by the Designating Party, a Receiving Party may

16  disclose any information or item designated "CONFIDENTIAL" only to:

17          (a)     the Receiving Party's Outside Counsel of Record in this action, as well as

18  employees of said Outside Counsel of Record to whom it is reasonably necessary to disclose the

19  information for this litigation;

20          (b)     Up to two (2) Designated House Counsel of the Receiving Party (1) whose

21  advice and consultation are being or will be used by the Receiving Party in connection with this

22  action; (2) who are neither involved in competitive decision making nor patent prosecution work

23  as specified in paragraph 8; and (3) who have signed the Acknowledgement and Agreement to Be

24  Bound (Exhibit A);

25          (c)     Experts (as defined in this Order) of the Receiving Party to whom

26  disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment

27  and Agreement to Be Bound" (Exhibit A);

28

DLA PIPER LLP (US)

WEST\222617649.1                                    [PROPOSED] STIPULATED PROTECTIVE ORDER
                                                    USDC CASE NO. C 10-01301 LHK (HRL)

1        (d)     the court and its personnel;

2        (e)     court reporters and their staff, professional jury or trial consultants, and

3    Professional Vendors to whom disclosure is reasonably necessary for this litigation and who have

4    signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

5        (f)     during their depositions, witnesses in the action to whom disclosure is

6    reasonably necessary and who have signed the "Acknowledgment and Agreement to Be Bound"

7    (Exhibit A), unless otherwise agreed by the Designating Party or ordered by the court. Pages of

8    transcribed deposition testimony or exhibits to depositions that reveal Protected Material must be

9    separately bound by the court reporter and may not be disclosed to anyone except as permitted

10   under this Stipulated Protective Order.

11       (g)     the author or recipient of a document containing the information or a

12   custodian or other person who otherwise possessed or knew the information.

13       7.3     Disclosure of "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES

14   ONLY" and "HIGHLY CONFIDENTIAL – SOURCE CODE" Information or Items. Unless

15   otherwise ordered by the court or permitted in writing by the Designating Party, a Receiving

16   Party may disclose any information or item designated "HIGHLY CONFIDENTIAL –

17   ATTORNEYS' EYES ONLY" or "HIGHLY CONFIDENTIAL – SOURCE CODE" only to:

18       (a)     the Receiving Party's Outside Counsel of Record in this action, as well as

19   employees of said Outside Counsel of Record to whom it is reasonably necessary to disclose the

20   information for this litigation;

21       (b)     Up to two (2) Designated House Counsel of the Receiving Party (1) whose

22   advice and consultation are being or will be used in connection with this action; (2) who are

23   neither involved in competitive decision making nor patent prosecution work as specified in

24   paragraph 8; (3) who have signed the Acknowledgement and Agreement to Be Bound (Exhibit

25   A); and (4) as to whom the procedures set forth in paragraph 7.4(a)(1), below, have been

26   followed;

27

28

1    (c)  Experts of the Receiving Party (1) to whom disclosure is reasonably

2 necessary for this litigation, (2) who have signed the "Acknowledgment and Agreement to Be

3 Bound" (Exhibit A), and (3) as to whom the procedures set forth in paragraph 7.4(a)(2), below,

4 have been followed;

5    (d)  the court and its personnel;

6    (e)  court reporters and their staff, professional jury or trial consultants, and

7 Professional Vendors to whom disclosure is reasonably necessary for this litigation and who have

8 signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A); and

9    (f)  the author or recipient of a document containing the information or a

10 custodian or other person who otherwise possessed or knew the information.

11    7.4  <u>Procedures for Approving or Objecting to Disclosure of "HIGHLY</u>

12 <u>CONFIDENTIAL – ATTORNEYS' EYES ONLY" or "HIGHLY CONFIDENTIAL – SOURCE</u>

13 <u>CODE" Information or Items to Experts.</u>

14   (a)(1)  Unless otherwise ordered by the court or agreed to in writing by the

15 Designating Party, a Party that seeks to disclose to Designated House Counsel any

16 information or item that has been designated "HIGHLY CONFIDENTIAL – ATTORNEYS'

17 EYES ONLY" pursuant to paragraph 7.3(b) first must send notice to the Designating Party

18 that (1) sets forth the full name of the Designated House Counsel and the city and state of his

19 or her residence and (2) describes the Designated House Counsel's current and reasonably

20 foreseeable future primary job duties and responsibilities in sufficient detail to determine if House

21 Counsel is involved, or may become involved, in any competitive decision-making or patent

22 prosecution as specified in paragraph 8.

23   (a)(2)  Unless otherwise ordered by the court or agreed to in writing by the Designating

24 Party, a Party that seeks to disclose to an Expert (as defined in this Order) any information or item

25 that has been designated "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" or

26 "HIGHLY CONFIDENTIAL – SOURCE CODE" pursuant to paragraph 7.3(b) first must give

27 written notice to the Designating Party that (1) identifies the general categories of "HIGHLY

28

-12-

1   CONFIDENTIAL – ATTORNEYS' EYES ONLY" or "HIGHLY CONFIDENTIAL – SOURCE

2   CODE" information that the Receiving Party seeks permission to disclose to the Expert, (2) sets

3   forth the full name of the Expert and the city and state of his or her primary residence, (3)

4   attaches a copy of the Expert's current resume, (4) identifies the Expert's current employer(s), (5)

5   identifies each person or entity from whom the Expert has received compensation or funding for

6   work in his or her areas of expertise or to whom the expert has provided professional services,

7   including in connection with a litigation, at any time during the preceding five years, and (6)

8   identifies (by name and number of the case, filing date, and location of court) any litigation in

9   connection with which the Expert has offered expert testimony, including through a declaration,

10   report, or testimony at a deposition or trial, during the preceding five years.

11           (b)      A Party that gives notice and provides the information specified in the

12   preceding respective paragraph may disclose the subject Protected Material to Designated House

13   Counsel or the identified Expert unless, within 7 calendar days of delivering the request, the Party

14   receives a written objection from the Designating Party.  Any such objection must set forth in

15   detail the grounds on which it is based.

16           (c)      A Party that receives a timely written objection must meet and confer with

17   the Designating Party (through direct voice to voice dialogue) to try to resolve the matter by

18   agreement within seven days of the written objection.  If no agreement is reached, the Party

19   seeking to make the disclosure to Designated House Counsel or the Expert may file a motion as

20   provided in Civil Local Rule 7 (and in compliance with Civil Local Rule 79-5, if applicable)

21   seeking permission from the court to do so.  Any such motion must describe the circumstances

22   with specificity, set forth in detail the reasons why the disclosure to Designated House Counsel or

23   the Expert is reasonably necessary, assess the risk of harm that the disclosure would entail, and

24   suggest any additional means that could be used to reduce that risk (e.g., requiring Designated

25   House Counsel to review the Protected Material at the offices of Outside Counsel). In addition,

26   any such motion must be accompanied by a competent declaration describing the parties' efforts

27   to resolve the matter by agreement (i.e., the extent and the content of the meet and confer

28

-13-

1    discussions) and setting forth the reasons advanced by the Designating Party for its refusal to

2    approve the disclosure.

3            In any such proceeding, the Party opposing disclosure to Designated House

4    Counsel or the Expert shall bear the burden of proving that the risk of harm that the disclosure

5    would entail (under the safeguards proposed) outweighs the Receiving Party's need to disclose

6    the Protected Material to Designated House Counsel or its Expert.

7        8.    PROSECUTION BAR

8            Absent written consent from the Producing Party, any individual who receives access to

9    "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" or "HIGHLY CONFIDENTIAL –

10   SOURCE CODE" information shall not be involved in the prosecution of patents or patent

11   applications relating to RF transmitters for portable audio devices, including without limitation

12   the patents asserted in this action and any patent or application claiming priority to or otherwise

13   related to the patents asserted in this action, before any foreign or domestic agency, including the

14   United States Patent and Trademark Office ("the Patent Office"). For purposes of this paragraph,

15   "prosecution" includes directly or indirectly drafting, amending, advising, or otherwise affecting

16   the scope or maintenance of patent claims.[1]  To avoid any doubt, "prosecution" as used in this

17   paragraph does not include representing a party challenging a patent before a domestic or foreign

18   agency (including, but not limited to, a reissue protest, *ex parte* reexamination or *inter partes*

19   reexamination).  This Prosecution Bar shall begin when access to "HIGHLY CONFIDENTIAL –

20   ATTORNEYS' EYES ONLY" or "HIGHLY CONFIDENTIAL – SOURCE CODE" information

21   is first received by the affected individual and shall end two (2) years after final termination of

22   this action.

23       9.    SOURCE CODE

24            (a)    To the extent production of source code becomes necessary in this case, a

25   Producing Party may designate source code as "HIGHLY CONFIDENTIAL - SOURCE CODE"

26   _____

27   [1]  Prosecution includes, for example, original prosecution, reissue and reexamination
     proceedings.

28

DLA PIPER LLP (US)    WEST\222617649.1                    [PROPOSED] STIPULATED PROTECTIVE ORDER
                                                         USDC CASE NO. C 10-01301 LHK (HRL)

1    if it comprises or includes confidential, proprietary or trade secret source code.

2          (b)      Protected Material designated as "HIGHLY CONFIDENTIAL – SOURCE

3    CODE" shall be subject to all of the protections afforded to "HIGHLY CONFIDENTIAL –

4    ATTORNEYS' EYES ONLY" information, including the Prosecution Bar set forth in paragraph

5    8, and may be disclosed only to the individuals to whom "HIGHLY CONFIDENTIAL –

6    ATTORNEYS' EYES ONLY" information may be disclosed, as set forth in Paragraphs 7.3 and

7    7.4, with the exception of Designated House Counsel.

8          (c)      Outside counsel of record shall maintain and store all source code produced

9    in electronic form in a manner that prevents unauthorized access, including without limitation the

10   following minimum safeguards:

11         (1)      Each produced copy of source code may be provided on or loaded

12   onto a single, non-networked computer, respectively;

13         (2)      Any external media (e.g., hard drives, DVDs) that contains source

14   code must be kept in a locked safe or storage cabinet when not connected to or inserted in the

15   non-networked computer for viewing.  The external media must be disconnected from and/or

16   removed from the non-networked computer and stored in such locked safe of cabinet when it is

17   not actually being used to view the source code contained therein;

18         (3)      The non-networked computer and the safe or storage cabinet must

19   be kept in a locked and secure room;

20         (4)      The locked room shall not be on the ground floor of the building.

21   Access to the floor on which the locked and secure room is located is permitted only via a key (or

22   card) system;

23         (5)      The non-networked computer and/or external media used to store

24   the source code shall be password protected; and

25         (6)      At the end of the case, any entity receiving source code will certify

26   that:  (a) all external media, print-outs, and copies containing source code have been destroyed,

27   with the exception of exhibits that were attached to filed pleadings or admitted into evidence; (b)

-15-

28

DLA PIPER LLP (US)

[PROPOSED] STIPULATED PROTECTIVE ORDER
USDC CASE NO. C 10-01301 LHK (HRL)

the hard drives of the non-networked computer and any other storage or memory media which may contain source code have been reformatted and destroyed; and (c) the access and print logs have been archived along with counsel's other records from this litigation. Other than set forth in this subparagraph, counsel may not maintain a file copy of source code material;

(7)    No electronic copies, other than volatile copies necessarily made in the course of loading and accessing the source code on the non-networked computer shall be made;

(8)    Any paper copies of portions of source code that are printed shall be printed onto paper marked "HIGHLY CONFIDENTIAL – SOURCE CODE" on each page;

(9)    If counsel desires to store and access such source code at a secure facility at a location other than the offices of outside counsel of record, counsel shall propose in writing to outside counsel of record for the designation party the precise location of the proposed secure facility. Source code shall not be taken to such new facility unless approved by the designating party.

10.    <u>PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION</u>

If a Party is served with a subpoena or a court order issued in other litigation that compels disclosure of any information or items designated in this action as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" or "HIGHLY CONFIDENTIAL – SOURCE CODE" that Party must:

(a)    promptly notify in writing the Designating Party. Such notification shall include a copy of the subpoena or court order;

(b)    promptly notify in writing the party who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is subject to this Protective Order. Such notification shall include a copy of this Stipulated Protective Order; and

-16-

1        (c)     cooperate with respect to all reasonable procedures sought to be pursued by

2    the Designating Party whose Protected Material may be affected.

3            If the Designating Party timely seeks a protective order, the Party served with the

4    subpoena or court order shall not produce any information designated in this action as

5    "CONFIDENTIAL," "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" or

6    "HIGHLY CONFIDENTIAL – SOURCE CODE" before a determination by the court from

7    which the subpoena or order issued, unless the Party has obtained the Designating Party's

8    permission.  The Designating Party shall bear the burden and expense of seeking protection in

9    that court of its confidential material – and nothing in these provisions should be construed as

10   authorizing or encouraging a Receiving Party in this action to disobey a lawful directive from

11   another court.

12       11.    A NON-PARTY'S PROTECTED MATERIAL SOUGHT TO BE PRODUCED

13   IN THIS LITIGATION

14       (a)     The terms of this Order are applicable to information produced by a Non-

15   Party in this action and designated as "CONFIDENTIAL," "HIGHLY CONFIDENTIAL –

16   ATTORNEYS' EYES ONLY" or "HIGHLY CONFIDENTIAL – SOURCE CODE."  Such

17   information produced by Non-Parties in connection with this litigation is protected by the

18   remedies and relief provided by this Order.  Nothing in these provisions should be construed as

19   prohibiting a Non-Party from seeking additional protections.

20       (b)     In the event that a Party is required, by a valid discovery request, to

21   produce a Non-Party's confidential information in its possession, and the Party is subject to an

22   agreement with the Non-Party not to produce the Non-Party's confidential information, then the

23   Party shall:

24           1.      promptly notify in writing the Requesting Party and the Non-Party

25   that some or all of the information requested is subject to a confidentiality agreement with a Non-

26   Party;

27

28
DLA Piper LLP (US)   WEST\222617649.1                    [PROPOSED] STIPULATED PROTECTIVE ORDER
                                                         USDC CASE NO. C 10-01301 LHK (HRL)

1          2.      promptly provide the Non-Party with a copy of the Stipulated

2   Protective Order in this litigation, the relevant discovery request(s), and a reasonably specific

3   description of the information requested; and

4          3.      make the information requested available for inspection by the

5   Non-Party.

6          (c)     If the Non-Party fails to object or seek a protective order from this court

7   within 14 days of receiving the notice and accompanying information, the Receiving Party may

8   produce the Non-Party's confidential information responsive to the discovery request. If the Non-

9   Party timely seeks a protective order, the Receiving Party shall not produce any information in its

10  possession or control that is subject to the confidentiality agreement with the Non-Party before a

11  determination by the court. Absent a court order to the contrary, the Non-Party shall bear the

12  burden and expense of seeking protection in this court of its Protected Material.

13      12.    UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL

14      If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected

15  Material to any person or in any circumstance not authorized under this Stipulated Protective

16  Order, the Receiving Party must immediately (a) notify in writing the Designating Party of the

17  unauthorized disclosures, (b) use its best efforts to retrieve all unauthorized copies of the

18  Protected Material, (c) inform the person or persons to whom unauthorized disclosures were

19  made of all the terms of this Order, and (d) request such person or persons to execute the

20  "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A.

21      13.    INADVERTENT PRODUCTION OF PRIVILEGED OR OTHERWISE

22  PROTECTED MATERIAL

23      When a Producing Party gives notice to Receiving Parties that certain

24  inadvertently produced material is subject to a claim of privilege or other protection, the

25  obligations of the Receiving Parties are those set forth in Federal Rule of Civil Procedure

26  26(b)(5)(B). This provision is not intended to modify whatever procedure may be established in

27  an e-discovery order that provides for production without prior privilege review. Pursuant to

28

-18-

DLA PIPER LLP (US)

Federal Rule of Evidence 502(d) and (e), insofar as the parties reach an agreement on the effect of disclosure of a communication or information covered by the attorney-client privilege or work product protection, the parties may incorporate their agreement in the stipulated protective order submitted to the court.

14.   MISCELLANEOUS

14.1   Right to Further Relief.  Nothing in this Order abridges the right of any person to seek its modification by the court in the future.

14.2   Right to Assert Other Objections.  By stipulating to the entry of this Protective Order no Party waives any right it otherwise would have to object to disclosing or producing any information or item on any ground not addressed in this Stipulated Protective Order.  Similarly, no Party waives any right to object on any ground to use in evidence of any of the material covered by this Protective Order.

14.3   Export Control.  Disclosure of Protected Material shall be subject to all applicable laws and regulations relating to the export of technical data contained in such Protected Material, including the release of such technical data to foreign persons or nationals in the United States or elsewhere.  The Producing Party shall be responsible for identifying any such controlled technical data, and the Receiving Party shall take measures necessary to ensure compliance.

14.4   Filing Protected Material.  Without written permission from the Designating Party or a court order secured after appropriate notice to all interested persons, a Party may not file in the public record in this action any Protected Material.  A Party that seeks to file under seal any Protected Material must comply with Civil Local Rule 79-5.  Protected Material may only be filed under seal pursuant to a court order authorizing the sealing of the specific Protected Material at issue *and in accordance with the e-filing procedures set forth in General Order No. 62*. Pursuant to Civil Local Rule 79-5, a sealing order will issue only upon a request establishing that the Protected Material at issue is privileged, protectable as a trade secret, or otherwise entitled to protection under the law.  If a Receiving Party's request to file Protected Material under seal pursuant to Civil Local Rule 79-5(d) is denied by the court, then

-19-

WEST\222617649.1

DLA PIPER LLP (US)

[PROPOSED] STIPULATED PROTECTIVE ORDER
USDC CASE NO. C 10-01301 LHK (HRL)

1    the Receiving Party may file the Protected Material in the public record pursuant to Civil Local

2    Rule 79-5(e) unless otherwise instructed by the court.

3        15.    FINAL DISPOSITION

4            Within 60 days after the final disposition of this action, as defined in paragraph 4,

5    each Receiving Party must return all Protected Material to the Producing Party or destroy such

6    material. As used in this subdivision, "all Protected Material" includes all copies, abstracts,

7    compilations, summaries, and any other format reproducing or capturing any of the Protected

8    Material.  Whether the Protected Material is returned or destroyed, the Receiving Party must

9    submit a written certification to the Producing Party (and, if not the same person or entity, to the

10   Designating Party) by the 60 day deadline that (1) identifies (by category, where appropriate) all

11   the Protected Material that was returned or destroyed and (2) affirms that the Receiving Party has

12   not retained any copies, abstracts, compilations, summaries or any other format reproducing or

13   capturing any of the Protected Material.  Notwithstanding this provision, the parties' Outside

14   Counsel of Record are entitled to retain an archival copy of all pleadings, motion papers, trial,

15   deposition, and hearing transcripts, legal memoranda, correspondence, deposition and trial

16   exhibits, expert reports, attorney work product, and consultant and expert work product, even if

17   such materials contain Protected Material. Any such archival copies that contain or constitute

18   Protected Material remain subject to this Protective Order as set forth in Section 4 (DURATION).

19

20

21

22

23

24

25

26

27

28

WEST\222617649.1

DLA Piper LLP (US)

[PROPOSED] STIPULATED PROTECTIVE ORDER
USDC CASE NO. C 10-01301 LHK (HRL)

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Dated:  March 17, 2011

DLA PIPER LLP (US)

By   /s/ Christine K. Corbett
     MARK  FOWLER
     BRENT YAMASHITA
     CHRISTINE CORBETT
     CARRIE WILLIAMSON
     CHANG KIM
     Attorneys for Plaintiff,
     Aerielle Technologies, Inc.

Dated:  March 17, 2011

DICKSTEIN SHAPIRO LLP

By   /s/ Robert W. Dickerson
     ROBERT W. DICKERSON
     YASSER EL-GAMAL
     JEFFREY A. MILLER
     Attorneys for Defendants
     Belkin International, Inc., Best Buy Co., Inc.,
     BestBuy.com, LLC and Radio Shack
     Corporation

PURSUANT TO STIPULATION, IT IS SO ORDERED.

Dated:  April 5, 2011

~~LUCY H. KOH~~
~~United States District Judge~~

HOWARD R. LLOYD
United States Magistrate Judge

~~[PROPOSED]~~ STIPULATED PROTECTIVE ORDER
USDC CASE NO. C 10-01301 LHK (HRL)

1

## EXHIBIT A

2

## ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND

3       I, _____, who resides at _____ ,

4   declare under penalty of perjury that I have read in its entirety and understand the Stipulated

5   Protective Order that was issued by the United States District Court for the Northern District of

6   California in the case of *Aerielle Technologies, Inc. v. Belkin International, Inc., et al*, Case No. C

7   10-01301 LHK (HRL).  I agree to comply with and to be bound by all the terms of this Stipulated

8   Protective Order and I understand and acknowledge that failure to so comply could expose me to

9   sanctions and punishment in the nature of contempt.  I solemnly promise that I will not disclose in

10  any manner any information or item that is subject to this Stipulated Protective Order to any

11  person or entity except in strict compliance with the provisions of this Order.

12       I further agree to submit to the jurisdiction of the United States District Court for

13  the Northern District of California for the purpose of enforcing the terms of this Stipulated

14  Protective Order, even if such enforcement proceedings occur after termination of this action.

15       I hereby appoint _____, located at _____

16  _____ as my California agent for service of process in

17  connection with this action or any proceedings related to enforcement of this Stipulated Protective

18  Order.

19

20  Date: _____

21  City and State where sworn and signed: _____

22

23  Printed name: _____

24

25  Signature: _____

26

27

-22-

28